IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAVIER PINEDA CRUZ (BOP Register No. 43809-177), | § § § § § § § § § § § | |
| Movant, | | |
| V. | | No. 3:16-cv-1542-B-BN |
| UNITED STATES OF AMERICA, | | |
| Respondent. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Movant Javier Pineda Cruz, a federal prisoner, proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. *See* Dkt. Nos. 1 & 3. This civil action has been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss the motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, because "it plainly appears … that [Cruz] is not entitled to relief." *Id.*

**Applicable Background**

Cruz pleaded guilty to conspiracy to distribute and possess with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A), and he was sentenced to 262 months' imprisonment, the

lowest end of the range calculated under the advisory sentencing guidelines (262 months to 327 months, calculated based on a total offense level of 39 and a criminal history category of I).

While Cruz received no criminal history points, the base offense level for the drug-conspiracy conviction was driven by the amount of drugs for which Cruz was held accountable, and his offense level was enhanced because, among other specific offense characteristics, Cruz possessed a dangerous weapon (a firearm). *See* U.S.S.G. § 2D1.1(b)(1) ("If a dangerous weapon (including a firearm) was possessed, increase by 2 levels.").

As Cruz's initial Section 2255 motion was filed while his direct appeal was pending, the Court dismissed that motion without prejudice, *see Cruz v. United States*, Nos. 3:12-cr-8-B (9) & 3:13-cv-158-B-BN, 2013 WL 459932 (N.D. Tex. Jan. 16, 2013), *rec. adopted*, 2013 WL 462354 (N.D. Tex. Feb. 5, 2013), and the current Section 2255 motion is therefore not considered second or successive, *see, e.g.*, *United States v. Zarate*, Cr. No. C-03-8 & C.A. No. C-09-48, 2009 WL 2382965, at *4 (S.D. Tex. July 31, 2009) (collecting cases).

Through the current motion, Cruz's sole ground for relief is that the firearm enhancement under U.S.S.G. § 2D1.1(b)(1) is invalid in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the United States Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act" ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), "violates the Constitution's guarantee of due process," 135 S. Ct. at 2563, a decision the Supreme Court has made

retroactively applicable, *see Welch v. United States*, 136 S. Ct. 1257 (2016). *See, e.g.*, Dkt. No. 3 at 9 ("[P]etitioner's crime of violence sentence enhancement under § 2D1.1(b)(1) for possession of a firearm during a drug offense should not have been considered an act of violence for the purpose of enhancing his sentence. Thus not only is § 2D1.1(b)(1) 'unconstitutionally vague' under the guidelines residual clause, it also incorporates the crime of violence definition found in 924(c)(B)(3)'s [sic] residual clause which mirrors 16(b)'s residual clause which has held to be unconstitutionally vague.").

## Legal Standards and Analysis

Whether *Johnson* should be expanded to other criminal statutes containing similarly worded language – and even to similar language in the advisory sentencing guidelines – is certainly an issue before many courts at the moment. *See, e.g., In re Fields*, ___ F.3d ____, No. 16-50521, 2016 WL 3383460 (5th Cir. June 17, 2016) (per curiam) (refusing to authorize successive, *Johnson*-based challenge "to the differently worded 'crime of violence' definition in" 18 U.S.C. § 924(c)(3)(B)); *Beckles v. United States*, ___ S. Ct. ____, No. 15-8544, 2016 WL 1029080 (U.S. June 27, 2016) (granting petition for certiorari to address, among other things, whether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2) and whether *Johnson*'s constitutional holding applies to the residual clause in Section 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review).

As a panel of the United States Court of Appeals for the Fifth Circuit observed in the context of 18 U.S.C. § 16,

> in *Johnson*, the [Supreme] Court held that the ACCA violated the constitutional prohibition against vague criminal statutes by defining "violent felony" as any crime that "is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B). [18 U.S.C. §] 16 contains a similar definition: a "crime of violence" is "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The Seventh and Ninth Circuits have both held that this language is sufficiently similar to the ACCA's language to suffer the same unconstitutional fate. *United States v. Vivas-Ceja*, 808 F.3d 719, 720 (7th Cir. 2015); *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015). We agree, and accordingly hold § 16 unconstitutional.

*United States v. Gonzalez-Longoria*, 813 F.3d 225, 226-27 (5th Cir. 2016), *reh'g en banc granted*, 815 F.3d 189 (5th Cir. 2016) (emphasis in original). Notably, however, the panel decision in *Gonzalez-Longoria* was vacated when the Fifth Circuit granted rehearing en banc and is now of no precedential value. *See Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 468 (5th Cir. 2013) ("'Unless otherwise expressly provided, the granting of a rehearing en banc vacates the panel opinion and judgment of the court and stays the mandate.' 5TH CIR. R. 41.3. Once the panel decision is vacated, it is of no precedential value." (internal quotation marks omitted)).

But Cruz's argument for expanding the holding of *Johnson* to Section 2D1.1(b)(1) should be rejected, and this Court should adopt the reasoning of other courts that have rejected such an extension:

> *Johnson* and its progeny have no effect on the two point enhancement for possessing a firearm in U.S.S.G. § 2D1.1(b)(1).... *Johnson* serves to invalidate a portion of the definition of a "crime of violence" as utilized in the ACCA. Defendant argues that the reasoning in *Johnson* should apply to the sentencing guidelines; however, even if it did, it would not serve to invalidate the specific two point enhancement that affected Defendant's sentence. While Defendant is correct that some courts have applied

> *Johnson* reasoning beyond the ACCA, for example to the residual clause of the career offender portion of the sentencing guidelines or to the residual clause in § 924(c), there is simply no like reasoning that would invalidate the two level enhancement for possessing a dangerous weapon. U.S.S.G. § 2D1.1(b)(1) does not have a residual clause that could be held unconstitutionally vague; instead, it clearly lays out which convictions (all related to drug offenses) could receive the two point enhancement for possessing a dangerous weapon. Therefore, *Johnson* cannot serve to invalidate the enhancement received by Defendant.

*United States v. Beckham*, Cr. No. 0:10-1212-CMC, 2016 WL 3941021, at *2 (D.S.C. July 21, 2016); *see also Carrasco v. United States*, ___ F. Supp. 3d ___, 01-CR-0021 (VM) & 16-CV-3952 (VM), 2016 WL 3275397, at *2 (S.D.N.Y. June 3, 2016); *United States v. Ramos*, Crim. A. No. 06-275-KD, 2016 WL 1611483, at *1-*2 (S.D. Ala. Apr. 21, 2016); *Heard v. United States*, Nos. 8:16-cv-1475-T-30AAS & 8:12-cr-52-T-30AAS, 2016 WL 3219718, at *1 (M.D. Fla. June 10, 2016).

Adopting this reasoning, it "plainly appears" that Cruz "is not entitled to relief" on his Section 2255 motion, and the motion should be summarily dismissed. *See* Rule 4(b), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.

**Recommendation**

The Court should summarily dismiss the Section 2255 motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 2, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE